People v Robinson (2025 NY Slip Op 00053)

People v Robinson

2025 NY Slip Op 00053

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 0755/21 Appeal No. 3395 Case No. 2023-03574 

[*1]The People of the State of New York, Respondent,
v
Elroy Robinson Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ji Hyun Rhim of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Order, Supreme Court, Bronx County (Laurence E. Busching, J.), entered on or about October 27, 2022, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant was found in possession of more than 5,000 images of child pornography and numerous videos, some of which depicted horrific, sadomasochistic acts and involved infants and children under 10 years old. Some of the videos were an hour or more in length, and defendant specifically admitted to masturbating to these images and videos. 
The court providently exercised its discretion in declining to grant defendant a downward departure from the presumptive level two designation to level one (see People v Field, 214 AD3d 418, 419 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; see generally People v Gillotti, 23 NY3d 841, 860 [2014]). The mitigating factors defendant cites were adequately accounted for by the risk assessment instrument or outweighed by the egregiousness of his conduct (see People v Morales, 223 AD3d 850, 851 [2d Dept 2024], lv denied 41 NY3d 911 [2024]; People v Bonnemere, 201 AD3d 475, 475 [1st Dept 2022]).
Further, the record as a whole supports the court's upward departure to level three. Supreme Court properly found that the risk assessment instrument underassessed defendant's risk of reoffense and failed adequately to account for the facts of this case (Gillotti, 23 NY3d at 853). Here, the extent and depravity of the materials defendant possessed, and with which he found sexual gratification, are not adequately addressed by the risk assessment instrument and are proper bases for an upward departure (see Field, 214 AD3d at 419-420).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025